## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| United States of America, | Case No.: 2:11-cr-00082-APG-GWF |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO REDUCE SENTENCE** |
| v. | [ECF Nos. 101, 104] |
| Laron Moore, | |
| Defendant. | |

Defendant Laron Moore pleaded guilty to distributing 50 grams or more of crack cocaine. On February 7, 2012, he was sentenced to 188 months in custody. ECF No. 44. He has served approximately 9.5 years of that sentence, and his release date is in June 2023. ECF No. 107 at 3. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A) because he suffers from morbid obesity, hyperlipidemia, chronic kidney disease, and hypertension and could be especially harmed by the Covid-19 virus that has infected some of the inmates at FCC Lompoc where he is housed. The United States opposes the request.

The compassionate release statute authorizes courts to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Bureau of Prisons apparently has no record of Moore submitting a request for compassionate release. ECF No. 107 at 1. Moore contends he applied for compassionate release with the warden on April 16, 2020, but after 60 days his request was removed from the prison's computer system. ECF No. 109 at 1-2. Moore cites to several

examples where staff at FCC Lompoc have allegedly incorrectly reported the absence of a filed compassionate release request. ECF No. 108 at 2-4.

Under these circumstances, I will accept Moore's representation that he submitted his request for release more than 30 days before filing his motion. *See United States v. Young*, No. CR19-5055 BHS, 2020 WL 2614745, at *2 (W.D. Wash. May 22, 2020) ("Confronted with the apparently conflicting evidence, the Court credits [the defendant's] representation, which is based on direct knowledge rather than failure to confirm the existence of a filing from over a month ago.  Therefore, the Court concludes that [the defendant] has established this prerequisite for relief."); *United States v. Trent*, No. 16-CR00178-CRB-1, 2020 WL 1812214, at *1 (N.D. Cal. Apr. 9, 2020) (same).  I deem Moore to have exhausted his administrative remedies as required by the statute.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."  I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." *Id.* (referring to U.S.S.G. § 1B1.13(2)).

No doubt, the COVID-19 virus presents a risk to all incarcerated people.  It also presents a risk to citizens who are not incarcerated.  Moore's kidney disease and obesity place him at a higher risk, while his high blood pressure is an indicator of an increased risk.  The Bureau of Prisons (BoP) is taking steps to treat and prevent the spread of the virus at FCC Lompoc.  Earlier this year many inmates and staff at FCC Lompoc were infected.  But the BoP has significantly reduced those numbers. *See* https://www.bop.gov/coronavirus/ (last accessed 7/16/2020).  Thus,

it appears that FCC Lompoc is able to isolate and treat detainees that become infected, either internally or with outside help.

If Moore is released, he would still have the same risk of infection based on his medical condition because Nevada has been hit hard by the virus, as have most Western states. Releasing him requires him to be transported, which would expose him and the U.S. Marshal or BoP personnel to greater risk of exposure. Release also necessitates greater interaction with Probation officers, to set up and continue monitoring of him. Release also exposes Moore to infection from his family members or others he (and his family) comes into contact with through daily activities. If Moore is already infected, he presents a greater danger to the community as he could spread it to those with whom he lives and interacts.

But even if Moore's condition can be deemed extraordinary and compelling, I would still deny the motion because he is a danger to the community. 18 U.S.C. § 3553(a); *see also* U.S.S.G. § 1B1.13(2) (court must determine that "the defendant is not a danger to the safety of any other person or to the community"). Moore has a history of committing violent crimes. He was detained at his initial appearance as a danger to the community. He has been deemed a career offender.

Moore does not present "extraordinary and compelling" reasons to justify releasing him three years early. And he is a danger to the community. I therefore deny Moore's motion (ECF No. 101).

Dated: July 17, 2020.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE